UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM O.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C26-5174-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of his Disability Insurance Benefits cessation determination. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating the medical evidence, Plaintiff's testimony, and lay witness testimony, with resulting errors in determining what work Plaintiff could perform. (Dkt. # 13.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 16.) Plaintiff filed a reply and a notice of supplemental authority. (Dkt. ## 17-18.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

## II. BACKGROUND

Plaintiff was born in 1986, has at least a high school education, and has no past relevant work. AR at 833. In December 2015, Plaintiff was found disabled beginning July 21, 2015. *Id.* at 104, 805. In a September 2020 Notice of Disability Cessation, he was notified of a determination that his health had improved and he was able to work starting September 23, 2020. *Id.* at 108, 805. This determination was upheld on reconsideration and in a January 2023 ALJ decision. *Id.* at 805. Plaintiff appealed to the Appeals Council, which denied review, and to this Court, which remanded for further administrative proceedings. *Id.* After conducting a hearing in August 2025, the ALJ issued a decision in October 2025 finding Plaintiff not disabled. *Id.* at 805-34.

A determination of whether a claimant continues to be disabled involves an eight-step evaluation process. 20 C.F.R. § 404.1594. At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity in the fourth quarter of 2022, the first quarter of 2023, the first, second, and fourth quarters of 2024, and the first quarter of 2025. AR at 808 (citing *id.* at 1080). The remainder of the decision addressed the continuous twelve-month or longer period when Plaintiff did not engage in substantial gainful activity. *Id.* at 809.

At steps two through four, the ALJ found that, compared to the 2015 disability determination, medical improvement related to the ability to work had occurred. AR at 809-13. At step six, the ALJ found Plaintiff had the following severe impairments: neurocognitive disorder due to an underlying traumatic brain injury ("TBI"), residual pain related to history of thoracic compression fracture, depressive disorder, and anxiety disorder. *Id.* at 814.

At step seven, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform simple, medium-exertion work with occasional public interaction and no fast-paced production. AR at 815. At step eight, the ALJ found Plaintiff could perform jobs available in

significant numbers in the national economy and, therefore, was no longer disabled. *Id.* at 833-34.

As the Appeals Council did not assume jurisdiction, the ALJ's decision is the Commissioner's final decision. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's disability determination if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.* at 102-03.

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV. DISCUSSION

### A. The ALJ Did Not Err in Evaluating Medical Evidence

Because Plaintiff applied for benefits before March 27, 2017, the ALJ's assessment of the medical opinion evidence is governed by prior regulations. Treating and examining sources' opinions are generally given more weight and, when an opinion from a treating or examining physician is contradicted by another physician, the ALJ must provide "specific and legitimate reasons" supported by substantial evidence to reject it. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

#### *1. Justin Stamschror, M.D.*

In September 2020, Dr. Stamschror performed a comprehensive psychiatric evaluation. He found Plaintiff unimpaired except that his ability to work "at a sufficient pace is likely poor based on [his] reports of frequently getting distracted[.]" AR at 710. The ALJ accommodated this limitation by restricting Plaintiff's RFC to no fast-paced production type environment and only simple instructions in a routine work setting. *Id.* at 828. The ALJ found further pace restrictions unnecessary based on, inter alia, Plaintiff's semi-skilled work as a ski lift operator between 2022 and 2024, and that he was rehired, demonstrating adequate pace. *Id.*

Inconsistency with Plaintiff's work activity was a specific and legitimate reason, supported by substantial evidence, to discount Dr. Stamschror's opinion. Plaintiff argues that his ability to "work at substantial gainful activity levels beginning in 2024" does not undermine Dr. Stamschror's 2020 opinion. (Dkt. # 13 at 3-4; *see also* dkt. # 17 at 2.) Plaintiff misstates the timeline. The ALJ found Plaintiff worked as a ski lift operator at a substantial gainful level beginning in the fourth quarter of 2022 and was rehired in subsequent seasons. AR at 807-08 (citing *id.* at 1080). Plaintiff does not dispute the ALJ's finding of medical improvement related

to ability to work beginning September 2020 and does not point to evidence of any intervening event between 2020 and 2022 that made him able to work. The ALJ's interpretation of the record is reasonable and must be upheld. The Court concludes the ALJ did not err in assessing Dr. Stamschror's opinion and, accordingly, the Court need not address the ALJ's other reasons.

*2. Nickolas A. Dasher, Ph.D.*

Dr. Dasher performed a neuropsychological evaluation in November 2023, conducting a clinical interview and psychometric testing and reviewing written documentation from Plaintiff's mother. AR at 1181-83. Dr. Dasher opined it was "very unlikely that [Plaintiff] could successfully return to full-time work[.]" *Id.* at 1187. Specifically, if he were "presented instructions too quickly," or around many distractions, he likely would not retain the information. *Id.* at 1188. He would need "accommodations to reduce how often he is pressed to work on too many novel jobs all at once, particularly if he is pressured to work too fast." *Id.* Trying to "attend to several items in a busy environment at once" could "lead to significant frustration" and cause irritability and difficulty regulating his emotions. *Id.* at 1187.

In treatment notes from May 2025, Dr. Dasher stated that Plaintiff's "cognitive limitations . . . remain problematic and functionally limiting" and recommended repeat testing. AR at 1231. In August 2025, Dr. Dasher again performed a clinical interview and psychometric testing. *Id.* at 1613. He opined that Plaintiff's "limitations remain disabling even though [he] is currently engaged in limited work" that is "self-paced, performed in highly familiar environments, and supported by his wife[.]" *Id* at 1620.

The ALJ gave Dr. Dasher's opinions little weight because they were inconsistent with Plaintiff's work activity and the lack of any ongoing mental health or neurocognitive treatment. AR at 826.

The finding of inconsistency with work activity was supported by substantial evidence. "An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled[.]" *Ford*, 950 F.3d at 1156. Plaintiff worked at a substantial gainful level as a ski lift operator, four to five days a week for about 30 hours per week, beginning in 2022, prior to any of Dr. Dasher's opinions. *See* AR at 807-08, 826. Dr. Dasher's description that Plaintiff was only performing "self-paced" work supported by his wife does not square with the responsibilities of a ski lift operator. *Id.* at 1620. Plaintiff was responsible for "setting up rope lines for safety, operating heavy equipment, working with a coworker at the bottom, managing the unload station at the top alone, ensuring the skiers['] safety, including helping them up when they fall." *Id.* at 817. The record shows that Plaintiff was able to perform this semiskilled work on a regular basis, sufficiently competently that he retained his seasonal position for the full season and was rehired in later seasons. This was a specific and legitimate reason to discount Dr. Dasher's opinions. The Court concludes the ALJ did not harmfully err in his assessment, and thus need not address the ALJ's remaining reasons.

*3. Nora K. Marks, Ph.D.*

In June 2025, Dr. Marks examined Plaintiff and filled out a Psychological/Psychiatric Evaluation form. AR at 1233. She opined he had marked limitations in maintaining punctual attendance, moderate or mild limitations in most other work-related areas, and an overall marked severity rating. *Id.* at 1235-36. The ALJ found the marked limitations inconsistent with Plaintiff's "repeated work activity as a ski lift operator for a number of seasons." *Id.* at 827.

Plaintiff argues that his ability to perform seasonal work does not show he can sustain competitive employment. (Dkt. # 13 at 8.) But Plaintiff points to no evidence in the record that his job as a ski lift operator was sheltered or included any accommodations. He worked four or

five days a week and was rehired in successive seasons, demonstrating adequate attendance and punctuality. *See* AR at 807-08. And he testified that if the job as a ski lift operator were able to continue beyond the season, he would have kept working. *Id.* at 861-62. Inconsistency with Plaintiff's work activity was a specific and legitimate reason, supported by substantial evidence, to discount Dr. Marks' opinion of Plaintiff's severe limitations. The Court concludes the ALJ did not err in his assessment of Dr. Marks' opinion.

**B. The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

Plaintiff reported memory issues and distractibility, irritability, and anxiety around many people or around small children. AR at 815-16. He testified he could not lift very heavy items and could only stand or walk for 30 minutes. *Id.* The ALJ discounted Plaintiff's testimony based on his work activity, other daily activities, normal clinical findings, and a lack of treatment. *Id.* at 816-25.

Conflict with work and other activities constituted clear and convincing reason to discount Plaintiff's testimony. Plaintiff testified that he did not have any issues working as a ski lift operator five days a week for 30 hours and intended to keep doing it. AR at 864. He was rehired multiple times. *Id.* at 828. The job was semiskilled and required attention and focus to ensure skiers' safety and stop the lift when someone fell or needed assistance. *Id.* at 858.

Working as a ski lift operator required Plaintiff to be around people of all ages. *See id.* at 824. The ALJ also noted that Plaintiff sold his plants at farmers markets, where large groups and small children were to be expected. *Id.* at 816-17. Plaintiff argues there is "no evidence that the market has large crowds and young children." (Dkt. # 13 at 10.) An ALJ may rely on common sense and experience, however. Plaintiff bears the burden to establish disability, and he has not shown that attendance was sparse at the farmers markets where he sold plants.

Working as a ski lift operator also involved physical demands. It required "a lot of standing around[.]" AR at 858. Plaintiff would have to help skiers up if they fell, requiring lifting as needed. *Id.* Plaintiff also reported he could walk for "a couple of miles" at a time. *Id.* at 709.

Plaintiff asserts the ALJ "erred by failing to apply the Trial Work Period rules" but offers no argument or citation to support this assertion. (Dkt. # 13 at 9; dkt. # 17 at 6.) The Court will not "manufacture arguments" where none is presented. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) ("We require contentions to be accompanied by reasons.").

The ALJ reasonably found that Plaintiff's work and other activity contradicted his testimony. The Court concludes the ALJ did not err in assessing Plaintiff's testimony.

**C. The ALJ Did Not Err in Assessing Lay Witness Testimony**

Plaintiff contends the ALJ erred in discounting statements by Plaintiff's mother, his wife, and social service specialist Nancy Pedersen for the same reasons he discounted Plaintiff's testimony because those reasons were erroneous and the lay witnesses' statements provided "much more detailed descriptions[.]" (Dkt. # 13 at 16.)

The ALJ considered the reports, found many of their statements consistent with the RFC, and discounted the remainder of their testimony for the same reasons as Plaintiff's testimony. AR at 830-32. An ALJ may discount lay witness statements for germane reasons. *Fain v.*

*Bisignano*, — F.4th — , 2026 WL 2795427, at *5 (9th Cir. Sept. 18, 2026). Valid reasons to reject a plaintiff's testimony necessarily constitute valid reasons to reject similar lay witness testimony. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). Providing greater detail does not mean that the lay witnesses testified to any additional limitations, and Plaintiff fails to identify any specific limitations the lay witnesses identified beyond what he testified to. Conflict with Plaintiff's daily activities was a germane reason to discount the lay witnesses' assessments. *Fain*, 2026 WL 2795427, at *6. The Court concludes the ALJ did not err in discounting these statements.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 24th day of September, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge